IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
**Martinsburg**

JOHN L. BURKETT, JR., Administrator
of the Estate of John L. Burkett, III, deceased,

   Plaintiff,

v.                Civil Action No. 3:03-CV-1

AIG CLAIM SERVICES, INC.,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PENNSYLVANIA
and KEITH TURNER,

   Defendants.

## MEMORANDUM ORDER DENYING MOTION TO RECONSIDER AND AFFIRMING MAGISTRATE JUDGE'S MAY 3, 2005, ORDER

On May 30, 2007, this Court entered a Memorandum Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment (Doc. 101). On June 12, 2007, the defendants filed a Motion for Reconsideration (Doc. 102).

The motion cites four grounds for reconsideration: (1) that the imposition of pre-judgment interest on an award of attorney's fees is a clear error of law; (2) that alteration of Judge Broadwater's Order is unsubstantiated; (3) that the Court reached a correct result in dismissing the plaintiff's UTPA claims, but failed to address the compelling legal argument that an estate cannot bring such a claim; and (4) that the Court applied *Hayseeds v. State Farm*, 177 W.Va. 323, 352 S,E.2d 73 (1986), as if it set forth a strict liability standard for the imposition of attorney's fees.

1

This Court, having reviewed the motion, the memoranda submitted in support of and in opposition thereto, and the record in the case, does hereby deny the motion for reconsideration.

With respect to the issues raised by the Motion for Reconsideration:

(1) This Court did not award pre-judgment interest on the award of attorney's fees, but rather imposed pre-judgment interest on the proceeds of the insurance coverage from the date of the accident through the date that the defendant paid the policy proceeds;

(2) The second asserted ground overlooks the fact that there was no Opinion from Judge Broadwater. In the May 30, 2007, Memorandum Order (Doc. 101), this Court fully explained its reasons for its Order;

(3) This Court is at a loss to understand how deciding an issue correctly can be an error, but would refer the defendants to that portion of the Order explaining that if the Estate is the victim of the unfair trade practice, then it may in fact bring a UTPA action;

(4) It is this Court's belief that *Hayseeds* does provide strict liability for attorney's fees and interest where an insurance company wrongfully withholds policy payments due, requiring the insured to bring an action to recover the same.

The Court notes that in its Reply Brief (Doc. 106), the defendants raise (for the first time in this case) an issue as to the correct interest rate to be imposed. The defendants' claim that the interest rate for judgments in 2007 is 9.75%, citing the amended version of West Virginia Code § 56-6-31, effective January 1, 2007. This argument overlooks the fact that § 56-6-31, as amended, provides that the interest rate for pre-judgment interest shall

2

be the interest rate in effect for the calendar year in which the right to bring the same shall have accrued. The interest rate in effect at the time of this accident was 10%.

The parties have correctly pointed out that this Court has not addressed the issues raised by the plaintiff's appeal of the Order issued by the Magistrate Judge on May 3, 2005 (Doc. 95), awarding the defendants attorney's fees in the amount of $3,060. For the reasons stated in the Magistrate Judge's Order, that award is affirmed and may be taken as a credit by the defendants at the time of the payment of the attorneys fee's and interest awarded by this Court on May 30, 2007.

**SO ORDERED.**

The Clerk is directed to transmit a copy of this Order to all counsel of record herein.

**Dated**: July 13, 2007.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE